TOYOTA MOTOR SALES (U.S.A.), INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-1-00048

*Memorandum Opinion*

(Dated June 12, 1981)

*Cladouhos & Brashares* (*Harry W. Cladouhos, William C. Brashares* and *Ellen J. Gleberman* on the brief) for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Saul Davis* on the brief) for the defendant.

LANDIS, *Judge:* Defendant moves for an order pursuant to rules 16 and 26(f) of this Court granting a pre-trial conference and/or a discovery conference.

At this juncture issue has been joined and the parties have answered the first set of interrogatories propounded by each other. The motion papers indicate that a motion by plaintiff to compel discovery under rule 37(a) is imminent.

The motion for a pre-trial conference pursuant to rule 16 is premature in this case. The purpose of a pre-trial conference is to facilitate the actual trial of the case. Normally when a case is ready for trial the *parties will have completed discovery, preliminary motions will have been ruled upon* and counsel will be thoroughly familiar with the case which increases the chances of settlement.[1] Some cases may present an exception to the general rule. Under certain circumstances it may be beneficial to hold such a conference where multiple parties are involved and there may be a separation or consolidation of trials or where the conference is directed toward a clearly delineated issue central to the litigation.

In the present case there is insufficient information available to the court for the court to prepare any meaningful guidelines or questions to be posed at such a conference in order to attain the long-range effect of facilitating the actual trial of the matter.

The discovery conference motion pursuant to rule 26(f) is intended to prevent abuse of the discovery procedures. The rule is new not only to this Court but to other federal courts as well having become effective on August 1, 1980. The rule is specific in what must be submitted when a request is made by an attorney for a party. Here, the request is woefully lacking. No proposed plan and schedule of discovery is submitted (26(f)(2)). There is no statement of the issues involved that serve as the basis and purpose of this conference (26(f)(1)). There is no proposed limitation to be placed on the discovery

---

[1] See, *Handbook for Effective Pretrial Procedure,* adopted by the Judicial Conference of the United States (1964), 37 F.R.D. 255, 263.

nor any proposed orders with respect to discovery (26(f) (3) and (4)).

Instead, defendant appears to be attacking Count II of plaintiff's complaint. Taken to its logical conclusion, this attack is tantamount to saying that Count II fails to state a claim upon which relief can be granted or that the court lacks subject matter jurisdiction or some other type of dispositive argument properly raised on motion for judgment on the pleadings or summary judgment.

If the defendant feels that on plaintiff's motion to compel major issues may not be determined it can raise said issues by a proper rule 12 motion. The court is willing to assist in formulating a discovery plan provided the parties comply with the statutory framework. The court will also hear any request for an accelerated briefing period for motions made to compel and any cross-motions thereto. However, the court will not deprive a party of discovery on a dispositive issue merely upon a discovery conference hearing.

Accordingly, defendant's motion pursuant to rules 16 and 26(f) is denied without prejudice to renewal upon compliance with the relevant rules.